FILED
2009 Mar-26 PM 04:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
09 MAR 25 PM 4:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ]<br>]<br>] |
| Plaintiff, | ]<br>] |
| v. | ]   CV-09-J-0598-S<br>] |
| U.S. SECURITY ASSOCIATES, INC. | ]<br>]   **COMPLAINT** |
| Defendant. | ]<br>]   **JURY TRIAL DEMAND**<br>] |

## NATURE OF THE ACTION

This is an action brought under §§703(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-2(a) and 3(a), et seq., and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female, and to make whole the aggrieved female employees listed below and a class of similarly situated female employees who were subjected to sexual harassment.

More specifically, The Equal Employment Opportunity Commission alleges that the Defendant U.S. Security Associates, Inc. ("Defendant") discriminated Birmingham, Alabama employees Jamie Marks, Melissa Rodriguez, Melissa Poskarbiewicz, Lisa Whitten, Holly King, and Nakeya Haliburton-Boykin, and a class of other similarly situated female employees, by subjecting them to sexual harassment at Defendant's Alabama facilities.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful herein were committed within the jurisdiction of the United States District Court for the Northern District of Alabama.

## PARTIES

3. The Plaintiff, the Equal Employment Opportunity Commission ("the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by §§ 706(f)(1) and (f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(1)and (f)(3).

4. At all relevant times, the Defendant, U.S. Securities Associates, Inc. (the "Employer"), has continuously been a Delaware corporation doing business in the State of Alabama, and the City of Birmingham, and has continuously had at least fifteen (15) employees.

5. At all relevant times, the Defendant has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of §701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, charges were

filed with the Commission by Jamie Marks, Melissa Rodriguez, Melissa Poskarbiewicz, Lisa Whitten, Holly King, and Nakeya Haliburton-Boykin alleging violations of Title VII by Defendant U.S. Security Associates. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From at least December, 2006, and on a continuing basis, Defendant has engaged in unlawful employment practices at its Alabama facilities in violation of §42 U.S.C. § 2000e-2(a) by subjecting the above-named employees, and a class of similarly situated female employees, to sexual harassment.

8. The unlawful sexual harassment was unwelcome, occurred with full knowledge of Defendant's supervisory personnel and includes, but is not limited to, the following conduct:

> a. Defendant's supervisor would make sexual inquiries and comments on a routine basis to, and around, female employees which articulated his desire to have sex with female employees and other females;
>
> b. Defendant's supervisor touched female employees in a sexually inappropriate manner, including rubbing his arm or hand on female employeer's body parts;
>
> c. Defendant's supervisor regularly engaged in unwelcome sexual conduct including touching, groping, joking, gestures and demonstrations;
>
> d. Defendant's supervisor would routinely call female employees by sexually demeaning names and would require female employees to watch pornographic videos with him; and
>
> f. Defendant's supervisor would proposition female employees for sex;

9. Although Defendant had notice of the sexual harassment, it failed to exercise reasonable care to prevent and/or correct promptly any sexually harassing behavior.

### EFFECT OF PRACTICES ON EMPLOYMENT

10. The effect of the practices complained of in paragraphs 7-9 above has been to deprive Jamie Marks, Melissa Rodriguez, Melissa Poskarbiewicz, Lisa Whitten, Holly King, and Nakeya Haliburton-Boykin, and a class of similarly situated female employees of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, female.

### ALLEGATIONS RELATED TO COMPENSATORY AND PUNITVE DAMAGES

11. The unlawful employment practices complained of in paragraphs 7-9 above were and are intentional.

12.. The unlawful employment practices complained of in paragraphs 7-9 above were done with malice or reckless indifference to the federally protected rights of Jamie Marks, Melissa Rodriguez, Melissa Poskarbiewicz, Lisa Whitten, Holly King, Nakeya Haliburton-Boykin and a class of similarly situated female employees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment or any other employment practices which discriminate on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and

programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

  C. Order the Defendant to make any affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make whole each of the above-named employees, and a class of similarly situated female employees, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-9 above, including any out-of-pocket expenses, relocation expenses, job search expenses, and medical expenses not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

  E. Order Defendant to make whole each of the above-named employees, and a class of similarly situated female employees, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraphs 7-9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay each of the above-named employees, and a class of similarly situated female employees, punitive damages for malicious and reckless conduct described in paragraphs 7-9 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

JAMES E. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1801 "L" Street, Northwest
Washington, DC  20507

C. EMANUEL SMITH
Regional Attorney

_____
JULIE S. LEE, DC Bar No. 433292
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1130 – 22nd Street South
Birmingham, AL  35205
Telephone Number (205)212-2100