FILED

2010 Apr-12  PM 03:32
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** ) ) ) ) | |
| Plaintiff, ) ) | |
| **NAKEYA HALIBURTON-BOYKIN, MELISSA POSKARBIEWICZ, LISA WHITTEN, HOLLY KING, DONNA MOLER, and MELISSA RODRIGUEZ,** ) ) ) ) ) ) ) | Civil Action Number **2:09-cv-598-AKK** |
| Intervenor-Plaintiffs, ) ) | |
| **vs.** ) ) | |
| **US SECURITY ASSOCIATES, INC., and CHRIS HARGROVE,** ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Presently before the court is Defendants U.S. Security Associates, Inc.'s

("USSA") Motion to Dismiss Plaintiff-Intervenor Rodriguez's State Law Claims,

doc. 65, and Chris Hargrove's ("Hargrove") Motion to Dismiss Complaint in

Intervention of Melissa Rodriguez, doc. 73.  Based on the reasoning below,

Defendants' motions are granted in part, and denied in part.

## I. BACKGROUND

USSA hired Intervenor-Plaintiff Melissa Rodriguez ("Rodriguez") in October 2005.  Doc. 60 ¶¶ 10, 42.  Rodriguez reported directly to Chris Hargrove ("Hargrove"), USSA's district manager.  *Id*. at ¶ 11.

During her employment, Rodriguez alleges that USSA and Hargrove subjected her to "unlawful employment practices and acts of intentional gender discrimination, sexual harassment (quid pro quo and hostile environment) and retaliation."  *Id*. at ¶ 6.  Rodriguez quit her job June 12, 2007, and on August 20, 2007, filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination ("EEOC charge").  Doc. 60-1.  The EEOC issued a Letter of Determination in September 2008, finding reasonable cause that USSA discriminated against Rodriguez due to her sex, and subjected to sexual harassment and a sexually hostile work environment, and constructively discharged.  Doc. 60-2.

On March 25, 2009, the EEOC filed the present action on behalf of Rodriguez, other intervenor-plaintiffs, and "a class of similarly situated female employees who were subjected to sexual harassment," asserting violations of Title VII, 42 U.S.C. §§ 2000e *et seq*. and Title I of the Civil Rights Act of 1991.

Doc. 1 at 1.  On November 25, 2009, Rodriguez filed a Complaint in Intervention against USSA and Hargrove individually.  Doc. 60.  In addition to Title VII claims, Rodriguez also asserted state law claims (1) against USSA for negligent and wanton hiring, training, supervision, and retention, Count III, doc. 60 ¶¶ 61-75, and (2) against USSA and Hargrove for invasion of privacy, Count V, assault and battery, Count VI, and intentional infliction of emotional distress, Count VII. *Id*. ¶¶ 76-81; 82-88; 89-96.

USSA's motion to dismiss asserts that Rodriguez's state law claims are barred by (1) Alabama's two-year statute of limitations for injury to the person and *respondeat superior*, doc. 65 at 3-4, and (2) the exclusivity provision of the Alabama Workman's Compensation Statute, *Id.* at 4-6.  Hargrove's motion to dismiss asserts that Rodriguez's (1) state law claims are prohibited because they are beyond "the scope of the Complaint filed by the EEOC," doc. 73 at ¶¶ 5-8, (2) intentional infliction of emotion distress and invasion of privacy claims are barred by Alabama's two-year statute of limitations, *Id.* at ¶¶ 9 and 10, and (3) assault and battery claim should be dismissed and re-filed in state court, *Id.* at 12 - 13. Rodriguez contends that her state law claims are not time-barred because, (1) assault and battery, and wanton hiring, training, supervision, and retention have a six-year statute of limitations, (doc. 76 at 2), (2) the Alabama Workman's

Compensation Statute is not applicable (*Id*.), and (3) her claims should "relate back to the date of the original complaint filed on her behalf by the EEOC, pursuant to Fed. R. Civ. P. 15(c)." *Id*. at 4. Rodriguez further argues that her state law claims do not rely on *respondeat superior*, but instead, seek to hold USSA directly liable because it ratified Hargrove's behavior. *Id*. at 3-4.

## II.  MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

On a motion to dismiss under Rule 12(b)(6), the court accepts all factual allegations as true. *See, e.g., Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 129 S. Ct. at 1950.

## III.  ANALYSIS

A.      *Rodriguez's claims of negligent hiring, training, supervision, and retention, invasion of privacy, and intentional infliction of emotional distress are untimely and due to be dismissed (Counts III,[1] V, and VII).*

Alabama's statute of limitations is two years for claims of negligence, invasion of privacy, intentional infliction of emotional distress, and claims commenced under the doctrine of *respondeat superior*.  *See* Ala. Code §§ 6-2-38(l)[2], 6-2-38(n)[3]; *see also Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 888 (Ala. 1995).  Rodriguez terminated her employment with USSA on June 12, 2007, which is the latest possible actionable contact by Hargrove.  Therefore, the statute of limitations for these claims accrued June 12, 2009.  Rodriguez filed her intervenor-complaint on November 25, 2009, five months after the statute had accrued.  Accordingly, USSA's motion to dismiss the negligence claim is granted, and USSA and Hargrove's motions to dismiss the invasion of privacy and

---

[1] Count III is negligent and wanton hiring, training, and supervision.  This section of the memorandum opinion addresses only the negligence portion of that claim.  The wanton conduct claim is addressed, *infra*.

[2] Ala. Code § 6-2-38(l) states, "[a]ll actions for injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."

[3] Ala. Code § 6-2-38(n) states, in pertinent part, "all actions commenced to recover damages for injury to the person . . . wherein a principal or master is sought to be held liable for the act or conduct of his agent, servant, or employee under the doctrine of respondeat superior must be brought within two years."

intentional infliction of emotional distress claims are granted.

B.    *Rodriguez's claim of wanton hiring, training, supervision, and retention against USSA is not barred by the statute of limitation (Count III).*

"[W]anton conduct is the equivalent in law to intentional conduct" and thus requires a six-year statute of limitations.  *McKenzie v. Killian*, 887 So. 2d 861 (Ala. 2004); *see also Carr v. Int'l Refining & Mfg. Co.*, 13 So. 3d 947, 953-54 (Ala. 2009).  Therefore, Rodriguez's wanton hiring, training, supervision, and retention claim is timely.  Defendants' motions to dismiss is denied.

C.    *Rodriguez's assault and battery claim against USSA and Hargrove is timely filed (Count VI).*

An assault and battery claim must be commenced within six years of the alleged act.  Ala. Code § 6-2-34[4]; *see also Archie v. Enter. Hosp. & Nursing Home*, 508 So. 2d 693, 694 (Ala. 1987).  Therefore, Hargrove's motion to dismiss is denied.

As to USSA, an employer can be held directly liable for intentional torts if it ratifies the employee's conduct by having knowledge of the alleged conduct and failing to take "adequate" steps to remedy the situation.  *Potts v. BE & K Constr.*

---

[4] Ala. Code § 6-2-34 states:

The following must be commenced within six years:

(1) Actions for any trespass to person or liberty, such as false imprisonment or assault and battery.

*Co.*, 604 So. 2d 398, 400 (Ala. 1992).  Rodriguez asserts in her complaint that

USSA "had notice of Hargrove's improper touching, assault and sexual

harassment . . . and failed to take any proper disciplinary or corrective action."

Doc. 60 ¶ 86.  Rodriguez has properly alleged facts that seek to hold USSA

directly liable for assault and battery.  If she is correct that USSA had notice and

ratified the alleged conduct, the six-year statute of limitations applies.[5]  Since the

resolution of this issue turns on whether, in fact, USSA had notice and failed to

act, USSA's motion to dismiss Rodriguez's assault and battery claims is denied,

without prejudice.[6]

D.    *Rodriguez's surviving claims (assault and battery, and wanton hiring,*
       *training, supervision, and retention) are not barred by Alabama's*
       *Workman's Compensation Act's ("The Act") exclusivity provisions.*

The Workman's Compensation Act ("The Act") provides compensation for

"accidents"[7] resulting in physical injury to the body.  *Busby v. Truswal Sys. Corp.*,

---

[5] Rodriguez pleads theories of *respondeat superior* and ratification in order to hold USSA liable for Hargrove's alleged assault and battery.  Doc. 60 ¶¶ 85, 86.

[6] Hargrove unconvincingly argues that Rodriguez's assault and battery claim is not properly pled because she does not specify a date on which the alleged conduct occurred. However, even if the statute of limitations began to run on the first day of her employment, October 2005, her assault and battery claim is nonetheless timely.

[7] The Workman's Compensation Act defines "accident" as "an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body or damage to an artificial member of the body by accidental means."  Ala. Code § 25-5-1(7).

551 So. 2d 322, 325 (Ala. 1989).  Tort actions for "purely psychological injuries during the course of employment" are not barred by The Act's exclusivity provisions.[8]  *Id*.  In *Busby*, the court held that plaintiffs' claims of verbal and physical sexual harassment, invasion of privacy, and tort of outrage were not barred by the exclusivity provision because there was no physical injury.  *Id*.  Here, as in *Busby*, plaintiff alleged only psychological injury during the course of her employment.  *Id*.; *see* Doc. 60.  Therefore, the exclusivity provision does not bar Rodriguez's remaining state law claims.

E.    *Rodriguez's claims do not relate back to the EEOC's original filing date of March 25, 2009, and justice does not require a tolling of the statute.*

Federal Rule of Civil Procedure 15(c) allows a party to amend pleadings that relate back to the date of the original pleading.[9]  However, Rule 15(c) does not allow relation back to another party's pleadings.  Rodriguez's intervenor

---

[8] The Act's Exclusivity Provision states, in pertinent part, that no employer "shall have any right to any other method, form, or amount of compensation or damages for an injury or death occasioned by an accident . . . proximately resulting from and while engaged in the actual performance of the duties of his or her employment . . . ."  Ala. Code § 25-5-52.

[9] Federal Rule of Civil Procedure 15(c) states, in pertinent part:

(c) Relation Back of Amendments.
 (1) *When an Amendment Relates Back*.  An amendment to a pleading relates back to the date of the original pleading when:
                              ****
        (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

complaint is not an amended pleading of the EEOC's original complaint.  Indeed,
Rodriguez was not a party when the EEOC filed its complaint; they are separate
plaintiffs asserting separate causes of action.  Therefore,  Rule 15(c) does not
provide Rodriguez relief for her untimely claims.[10]

Further, justice does not require tolling the statute.  Here, the EEOC filed its
Complaint on March 25, 2009, almost three months before the limitations period
accrued on Rodriguez's state law claims.  In other words, contrary to her assertion,
Rodriguez was not "hamstrung by the EEOC's decision to litigate this action on
her behalf."  Doc. 76 at 5.

F.    *Rodriguez can bring her surviving state law claims as part of her intervenor
      complaint although not included in the EEOC's original complaint.*

Title VII provides aggrieved parties the right to intervene in actions filed by
the EEOC.  42 U.S.C. § 2000e-5(f)(1).  "An intervenor of right under Rule 24(a)
'is treated as if he were an original party and has equal standing with the original
parties." *Donovan v. Oil, Chem., and Atomic Workers Int'l Union*, 718 F.2d 1341,
1350 (5th Cir. 1983) (citations omitted), *cert. denied*, 466 U.S. 971 (1984).  "[T]he
intervenor has a right to a jury trial on any legal issues he presents." *Ross v.*

---

[10] Rodriguez's reliance on *Maycher v. Muskogee Med. Ctr. Auxiliary,* 129 F.3d 131 (10th
Cir. 1997)(unpublished table decision), is misplaced.  In that case, the *party-plaintiff* invoked
Rule 15(c)(3) to amend her original complaint to add a defendant after the expiration of the
limitations period.

*Bernhard*, 396 U.S. 531 (1970) (citation omitted); *see also Hartley Pen. Co. v. Lindy Pen. Co.*, 16 F.R.D. 141, 153 (S.D. Cal. 1954), citing *Park & Tilford v. Schulte*, 160 F.2d 984, 989 n.1 (C.A. N.Y. 1947), *cert. denied*, 322 U.S. 761 (1947) (other citations omitted) ("So once intervention has been granted the intervenor becomes a 'party' within the meaning of the Rules, 'entitled to litigate fully on the merits.'").  Further, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970); *see also EEOC v. Commercial Coating Serv., Inc.*, 220 F.R.D. 300, 302-03 (S.D. Tx. 2004) (permissive intervention allowed by former employer to assert state and federal claims other than those in the EEOC action).

Rodriguez's status as an intervenor-plaintiff provides her the same rights as parties to the original action.  As such, her only limitation in filing state law claims is whether those claims reasonably grow out of her EEOC charge.

Rodriguez's EEOC charge states, among other things, that Hargrove (1) made sexual comments and advances towards her, (2) threatened to terminate her job if she did not have sex with him, (3) questioned and interrogated her when her phone rang, (4) squeezed her arms to get her attention, (5) pushed her up against the wall, (6) forced her to kiss him, and (7) that USSA knew about his harassing

behavior but did not discipline him.  Doc. 60-1 at 2-3.  Clearly Rodriguez's wanton hiring, training, supervision, and retention, and assault and battery claims are reasonable in light of the allegations in the EEOC charge.  Therefore, Hargrove's motion to dismiss the remaining state law claims is denied.

## IV.  CONCLUSION

Based on the foregoing, USSA and Hargrove's Motions to Dismiss, docs. 65 and 73, are granted in part, and denied in part.  The motion is granted on Rodriguez's negligent hiring, training, supervision, and retention (*Count III*), invasion of privacy (*Count V*), and intentional infliction of emotional distress (*Count VII*) claims.  The motion is denied as to Rodriguez's wanton hiring, training, supervision, and retention (*Count III*), and assault and battery claims (*Count VI*).

Done the 12th day of April, 2010.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE